**ALABAMA POWER COMPANY et al.,**
**Plaintiffs,**

**v.**

**UNITED STATES of America et al.,**
**Defendants.**

**Civ. A. No. 2970–68.**

United States District Court,
District of Columbia.

Dec. 4, 1969.

Judgment Affirmed Dec. 8, 1970.
See 91 S.Ct. 259.

Charles J. McCarthy, J. Raymond Clark, and William M. Maddox, Washington, D. C., for plaintiffs.

William A. Imhof, Washington, D.C., for the Secretary of Agriculture as intervening plaintiff.

Arthur J. Cerra, Washington, D.C., for defendant, Interstate Commerce Commission.

Richard J. Murphy, Gen. Atty., Philadelphia, Pa., for railroads as intervening defendants.

Before WRIGHT and TAMM, Circuit Judges, and CORCORAN, District Judge.

## OPINION

CORCORAN, District Judge:

This action was instituted by several groups of shippers to enjoin, annul and set aside certain rate increase orders of the Interstate Commerce Commission entered November 26, 1968 and January 9, 1969 in Ex Parte No. 259, Increased Freight Rates, 1968.[1] These orders permitted Class I railroads of the United States to effect a general increase in their freight rates and charges to offset the increase in expenses which had occurred in the 1967–1968 period.

The Secretary of Agriculture intervened as a party plaintiff and several Class I railroads intervened as party defendants.

In substance the plaintiff shippers contend that the ultimate findings of the Commission as to the need for increased railroad revenue were not based upon adequate subsidiary findings and were not supported by substantial evidence on the record since the Commission failed to determine,

"how much revenue the railroads would need: (1) for operating expenses, rents and taxes; (2) for capital improvements including (a) the revenues needed to pay for improvements to be financed by internally generated funds, and (b) the additional revenues needed to enable them to obtain the funds required for externally financed improvements; and (3)

1. 332 I.C.C. 714.

the amounts needed for debt service and dividends. It should also have looked at and determined the railroads' future needs and not simply their present requirements." [2]

The plaintiffs further contend that the Commission ignored the differences in the financial needs of the railroads in the three railroad districts and failed to require the railroads to present evidence of the unit cost of performing transportation services.

The intervening Secretary of Agriculture argued that the Commission did not hold the railroads to the recently announced new standard of proof which it had expressed in Ex Parte No. 256, Increased Freight Rates, 1967,[3] and further that the Commission did not consider the effect of the rate increases upon the movement of traffic.

The defendant railroads submitted that the orders of the Commission, being permissive general increase orders, were non-reviewable, relying on Algoma Coal and Coke Co. v. United States.[4] They further submitted that even if the orders were held to be reviewable, the I.C.C. had observed the required statutory standards and the orders of the Commission had contained adequate findings supported by substantial evidence.

The I.C.C. did not join in the jurisdictional objection proffered by the railroads but chose to defend its action on the merits, contending that it had made the requisite findings which were supported by substantial evidence.

The Court concludes that it lacks jurisdiction to review the questioned Commission orders, and that it is unnecessary, therefore, to reach the issues raised by the plaintiff shippers and the intervening Secretary of Agriculture.

It is to be noted that the rates which have become effective under the I.C.C. orders are permissive and not mandato-

ry, and that the Commission in its Ultimate Conclusions and Findings in Ex Parte 259 declared in No. 15:

"Our findings as to justness and reasonableness, which are based upon all of the evidence before us, including typical evidence as to rates and charges in and between all territories, will apply to the general bases of rates and charges, and will not preclude interested parties from bringing any maladjustments to our attention for correction. The increased freight rates and charges authorized herein are not considered as prescribed within the meaning of the decision in Arizona Grocery Co. v. Atchison, T. & S. F. Ry. Co., 284 U.S. 370 [52 S.Ct. 183, 76 L.Ed. 348], and will, in all respects, be subject to complaint and investigation as provided by the act." 332 I. C.C. 792.

The foregoing declaration assures any aggrieved party, such as the plaintiffs herein, the opportunity to challenge any particular rates which affect them under the procedures provided in Section 13 of the I.C.C. Act, 49 U.S.C.A. § 13.

Under such circumstances it is the Court's opinion that this case should be governed by *Algoma*.[5] In that case District Judge Chesnut, writing for a three-judge court,[6] noted:

"The position taken by the plaintiffs seems to misconceive the real nature and effect of the Commission proceeding. They take the view that what the Commission did in effect was to determine what would be just and reasonable rates for particular traffic transported by particular railroads, on insufficient findings of fact.

\* \* \* \* \* \*

"[T]his misconceives what the Commission did. It *prescribed* no particular rates. It merely permitted the carriers to file new rates without sus-

---

2. Brief for plaintiff at 18.

3. 332 I.C.C. 285.

4. 11 F.Supp. 487 (E.D.Va.1935) (hereinafter referred to as *Algoma*) and related cases, *infra*.

5. *Supra* Note 4, 11 F.Supp. at 493–494.

6. Circuit Judge Soper and District Judge Way sat with Judge Chesnut.

pension. It will, therefore, be open to the plaintiffs to present their contentions as to the particular rates affecting them in proper proceedings before the Commission under section 13 (49 U.S.C.A. § 13). That is to say, the increased rates now complained of are *carrier made* rates and not *Commission* made rates."

The factual and legal questions considered in *Algoma* are identical with those raised in the present proceeding; and, in the opinion of the Court, *Algoma* represents the applicable law.[7]

Accordingly, the complaint is dismissed.

WRIGHT, Circuit Judge (dissenting):

It is improper, in my judgment, to dismiss this suit at this time. Instead, I think we ought to examine the order now and decide whether the Commission's action was supported by substantial evidence. I am in complete agreement with the proposition that any plaintiff who wants to challenge any rate now being charged must first pursue his administrative remedies under Sections 13 and 15 of the Act. However, the plaintiffs here are not seeking to challenge the appropriateness of any rate or combination of rates. Instead, they wish to challenge the propriety of a Commission order which allowed the rates generally to be raised by the carriers. That order was predicated on a factual determination by the Commission that the nation's railroads need more freight revenue. That order, like any action of the Commission, must be based on substantial evidence. *Cf.* United States v. Louisiana, 290 U. S. 70, 77,

54 S.Ct. 28, 78 L.Ed. 181 (1933). Such an order is, of course, judicially reviewable, 28 U.S.C. §§ 1336, 2325 (1964), and I feel it is ripe for review now.

There can be no doubt that there are plaintiffs who are aggrieved now by this order. The effect of the order was to remove the upper limits on rates which the Commission had prescribed for certain commodities. Without this order, the railroads could not have increased any of the Commission-made rates. Shippers, therefore, are paying higher rates now as a direct result of this Commission determination. *See* Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967).

Considering challenges to the general order now would avoid needless relitigation of the same issue before the Commission in countless rate-making proceedings involving individual commodities. Furthermore, I think that it would be difficult if not impossible for any shipper to challenge this determination of a nationwide railroad need for revenue in the context of an individual rate-making proceeding. This is the sort of threshold issue which ought to be determined once and for all at the outset, preferably, as plaintiffs here seek to do, in a class action.

I admit that there is little direct language in the existing cases supporting judicial review of the order now. Review now does seem eminently sensible to me, however, in spite of the fact that *Atlantic City*[1] seems to preclude it. Furthermore, both the *Algoma*[2] and the *Florida Citrus*[3] cases can be read as sanctioning this limited, threshold review. After holding that the plaintiffs

7. *Algoma's* position that the court will not entertain a suit to enjoin the Commission's orders in a general revenue proceeding where section 13's remedy has not yet been exhausted has been followed in Koppers Co. v. United States, 132 F.Supp. 159 (W.D.Pa.1955); Florida Citrus Commission v. United States, 144 F.Supp. 517 (N.D.Fla.1956), aff'd. 352 U.S. 1021, 77 S.Ct. 589, 1 L.Ed.2d 595 (1957); Atlantic City Electric Co. v. United States. S.D.N.Y., 306 F.Supp. 338 (1969).

1. Atlantic City Electric Co. v. United States, S.D.N.Y., 306 F.Supp. 338 (1969).

2. Algoma Coal & Coke Co. v. United States, E.D.Va., 11 F.Supp. 487, 494–495 (1935).

3. Florida Citrus Comm'n v. United States, N.D.Fla., 144 F.Supp. 517, 524–527 (1956), affirmed, 352 U.S. 1021, 77 S.Ct. 589, 1 L.Ed.2d 595 (1957).

could not challenge individual carrier-set rates until they were passed upon by the Commission, both courts did consider the propriety of the general order entered by the Commission. Both concluded that the general order was supported by substantial evidence. Consequently, neither of these cases, in my judgment, supports the disposition made here or in *Atlantic City*.[4]

I respectfully dissent.

---

4. It is not inconsistent to hold that individual rates must be first challenged before the Commission, but at the same time to permit judicial review of the propriety of the general order. Two different determinations are made by the Commission. In the first proceeding, which leads to the general order permitting the carriers to raise rates, the Commission determines that the railroads need more revenue. That order will stand if the court finds that it is based on substantial evidence. Florida Citrus Comm'n v. United States, *supra* Note 3, 144 F.Supp. at 524–527; Algoma Coal & Coke Co. v. United States, *supra* Note 2, 11 F.Supp. at 494–495. In the second proceeding, the Commission has to determine the reasonableness of individual rates. That determination, too, is subject to judicial scrutiny. 28 U.S.C. § 1336 (1964); *see* Swift & Co. v. United States, 343 U.S. 373, 72 S.Ct. 716, 96 L.Ed. 1008 (1952).